Robertson, J.
delivered the opinion of the Court.
The Court is of opinion, that the judgment in this case is erroneous, the same being materially variant from the verdict.
The verdict itself was manifestly illegal; the jury having ascertained a term of imprisonment shorter than that prescribed by law. But in rendering a judgment for a different and longer term, the Court departed from the settled practice in criminal prosecutions, and assumed the peculiar province of the jury. In this aspect, the judgment is one, so far as we have seen, without precedent : and prior to the act of 21st February 1845, for the correction of errors in certain criminal proceedings, would doubtless have been reversed without hesitation.
That act, a majority of the Court are of opinion, has no application to the case.
It is confined, in terms, to cases in which it shall appear upon the face of the record, that the sentence is for *560 a longer or shorter period than the law prescribes; and specially entrusts the correction of such errors to a particular Court: the Circuit Superior Court of Law for Henrico county and the City of Richmond. But the sentence here, is not for a longer or shorter period than that prescribed by law; nor is this the Court authorized to apply the remedy provided for by the act.
It is true, as has been argued, that had the Circuit Court in which the trial was had, sentenced the prisoner in conformity with the verdict, the case provided for would have occurred; and then the Circuit Court of Henrico and Richmond might, perhaps, have corrected the error. But the former Court, having apparently discovered the error of the verdict, prior to the entry of judgment, could not, we think, lawfully have given a corresponding judgment. That would 'have been to sanction by the judgment of the Court, the acknowledged error of the jury. The proper course would have been to have sent the jury back with proper instructions, to reconsider their verdict: or if they persisted, or had been discharged, to have directed a venire de novo.
Nor can we, for the reasons above assigned, properly remand the case, as has been suggested, with directions to the Court below to enter a judgment in- conformity with the verdict. The act, we think, only contemplated the correction of errors inadvertently committed. Neither that act, nor any law known to us, authorizes a Court knowingly to commit an error, because there may exist in some other Court the power to correct it.
Still less can we sustain the judgment as actually rendered, upon the suggestion that the Court below has substantially effected the object the Legislature had in view. It would be dangerous in criminal cases to authorize that to be done in one mode which the law requires to be done in another, or to maintain in other Courts, or assume in this,, powers specially conferred on *561 a different tribunal. The course of proceeding pointed out by the statute may be more or less convenient; but it is the only legal mode; and we have no power to carve out another.
Thus expounding the statute, we are of opinion that the judgment should be reversed, the verdict set aside, and a venire de novo awarded.
Judgment reversed, and venire de novo awarded.